**SO ORDERED.**

**SIGNED this 08 day of March, 2013.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

TREVOR N. BLOHM,                    CHAPTER 13
                                    CASE NO. 11-06819-8-RDD
    DEBTOR

### ORDER

Pending before the Court is the Motion to Dismiss filed by Kristen L. Blohm ("Blohm") on January 3, 2013 (the "Motion") and the Response to Motion to Dismiss filed by Trevor N. Blohm (the "Debtor") on January 23, 2013 (the "Response"). The Court conducted a hearing on the Motion and the Response on March 5, 2012.

The Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code") on September 6, 2011. The Debtor and Blohm were formerly married and have two (2) minor children together. The Debtor is employed by the United States Marine Corps.

On October 27, 2011, Blohm filed Proof of Claim No. 10 in the amount of $35,626.86 in the Debtor's bankruptcy case. Claim 10 asserts the claim should be treated as a domestic support obligation and receive priority pursuant to 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). The claim is supported by a Decree of Dissolution of Marriage in In re the Marriage of Kristen L. Blohm and

Trevor Blohm, Case No. 64DO1-0905-DR-4451, entered by the Porter Superior Court, Valiparaiso, Indiana, on July 7, 2011 ("Decree of Dissolution").

The Chapter 13 Trustee filed the Minutes of 341 Meeting and Motion for Confirmation of Plan in the Debtor's case on October 25, 2011. On November 10, 2011, Blohm filed the Objection to the Chapter 13 Trustee's Motion for Confirmation, Dated October 25, 2011. The Chapter 13 Trustee subsequently withdrew the the Minutes of 341 Meeting and Motion for Confirmation of Plan on November 5, 2012.[1]

The Debtor filed an objection to Claim 10 on December 12, 2012, objecting to the treatment of the full $35,626.86 as a priority claim. The Debtor asserts that only $5,088.02 of the total claim represents child support obligations and only that portion is entitled to priority. The Debtor asserts the remaining $30,538.84 should be deemed unsecured as it represents claims based on equitable distribution. Blohm filed a response to the objection to claim and the matter is set for hearing on June 4, 2013.

In the presently pending Motion, Blohm argues the Debtor's case should be dismissed based on the Debtor's failure to comply with the orders entered by the Porter Superior Court of Valparaiso, Indiana. On November 23, 2009, Blohm and the Debtor entered into a partial mediation settlement agreement that required the Debtor to pay child support of $186.57 per week as well as contribute to a portion of the children's medical expenses. In the Decree of Dissolution, the Indiana court found the Debtor incurred child support arrears in the amount of $2,016.70. On August 31, 2012,

---

[1] The Chapter 13 Trustee filed a motion to dismiss for failure to make plan payments on November 5, 2012. The Court conducted a hearing on the motion to dismiss on January 3, 2013. The Court denied the motion to dismiss on the condition that the Debtor bring the plan current by March 31, 2013 or the Debtor's case shall be dismissed without further hearing.

the Indiana court held a hearing to determine whether the Debtor should be held in contempt for failing to comply with the court's previously entered orders. The Indiana court entered an order on September 24, 2012 based on the hearing, finding total child support arrears of $7,905.24, of which $3,420.06 was incurred post-petition (the "September 24, 2012 Order"). The September 24, 2013 Order also found the Debtor owes Blohm $1,258.10 for the children's extracurricular expenses, $418.00 for dental expenses, and $249.30 for school tuition costs for the children. The September 24, 2012 Order also modified child support retroactively to November 18, 2011, requiring the Debtor to pay Blohm $268.00 per week in child support through payroll withholding. Finally, the September 24, 2012 Order ordered that a compliance hearing be held within ninety (90) days from the entry of the order. The Indiana court ordered the Debtor to attend the compliance hearing. To date, no such compliance hearing has been held or scheduled.

The Motion asserts that the Debtor has not complied with the September 24, 2012 Order by failing to have his employer withhold additional funds from his paycheck to account for the increase in weekly child support payments to $268.00 per week. The Motion also asserts that the Debtor received a bonus of $10,000.00 in November 2011 and failed to use the funds to satisfy the delinquent child support obligations. According to the Motion, the Debtor incurred additional debt of $1,413.33 on account of the support obligation, which he has made no attempt to pay. In total, Blohm asserts that the Debtor has refused to pay $13,481.67 due on the support obligation since the date of the filing of the bankruptcy petition. Because the Debtor has failed to pay all amounts required under the Indiana court ordered support obligation, the Motion requests that the Debtor's

case be dismissed or converted to Chapter 7 as no plan is confirmable pursuant to 11 U.S.C. § 1325(a)(8).[2]

The Debtor, counsel, and counsel for Blohm were present at the hearing. The Debtor asserted that he was unable to attend the August 31, 2012 hearing in Indiana that the September 24, 2012 Order was based on because he was required to attend pre-deployment training and was not allowed to leave his duty station.[3] The Debtor retained counsel in Indiana, who attended the August 31, 2012 hearing but the Debtor was not present to testify or otherwise present evidence. The Debtor asserts

---

[2] Section 1325(a) provides,

> [T]he court shall confirm a plan if–
>
> . . .
>
> (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; . . . .

11 U.S.C. § 1325(a)(8).

[3] The Service Members Civil Relief Act serves to stay "any civil action or proceeding, including any child custody proceeding," in which the plaintiff or defendant is in military service or within ninety days of termination or release from military service and has received notice of the action or proceeding. 50 App. U.S.C.A. § 522(a). A court shall, upon application by the servicemember, stay a proceeding for at least ninety days if an application for relief includes:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522(b). While at the time the Debtor made no claim under the Service Members Civil Relief Act, based on the representations made to the Court, it would seem his non-appearance at the August 30, 2012 hearing in Indiana was excusable pursuant to the act.

that the $10,000.00 bonus in November 2011 was actually the result of a pay error related to his base housing. Additionally, the Debtor states his pay increased during the times when he was deployed to Afghanistan, resulting in the increase in child support from $186.57 per week to $268.00 per week. However, the Debtor asserts the pay used to calculate the modified child support payment is not his typical salary. Because of this, the Debtor is unable to make the required payment of $268.00 per week but has consistently paid the $186.57 per week by having $808.47 withheld from his pay each month. Therefore, the Debtor requests additional time to petition the Indiana court to hold the compliance hearing or set a hearing to reconsider the September 24, 2012 Order, which modifies the child support amount.

This Court shall continue the hearing on the Motion for the reason that the Debtor has fallen behind on his post-petition domestic support obligations that Blohm contends are based on the September 24, 2012 Order. The issues raised in the hearing related to child support would be best decided by the Indiana Superior Court in the compliance hearing as required by the September 24, 2012 Order or otherwise on a motion to reconsider the September 24, 2012 Order.[4] The hearing on the Motion is **CONTINUED** until June 4, 2013 in New Bern, North Carolina. The Court finds that pursuant to 11 U.S.C. § 362(b)(2), the automatic stay provided in 11 U.S.C. § 362(a) shall not stay the proceedings before the Indiana state court and shall not prevent it from scheduling a compliance hearing or hearing on a motion to reconsider the September 24, 2012 Order.[5] The Debtor and his

---

[4] "The Supreme Court has long favored state court retention of exclusive control over the collection of child support." *Caswell v. Lang*, 757 F.25 608, 610 (4th Cir. 1985).

[5] In pertinent part, § 362(b) provides the filing of a petition does not operate as a stay of the commencement or continuation of a civil action or proceeding "for the establishment or modification of an order for domestic support obligations." 11 U.S.C. § 362(b)(2)(A)(ii).

Indiana counsel are directed to bring the matter before the Porter Superior Court, Valparaiso, Indiana with all deliberate speed. If the child support related issues are not resolved by the Porter Superior Court, Valparaiso, Indiana before the continued June 4, 2013 hearing on this matter, this Court may assume concurrent jurisdiction to decide the child support issues.

In the interim, Richard M. Stearns, the Chapter 13 Trustee in the Debtor's case, is **DIRECTED** to immediately disburse $4,438.00 to Kristen L. Blohm, 285 E. 550 S., Kouts, Indiana, 46347-9632 for the Debtor's delinquent pre-petition child support payments pursuant to 11 U.S.C. § 507(a)(1)(A).

**SO ORDERED.**

**END OF DOCUMENT**